ALBANY,
October, 1829.

Ross
v.
Mayor, &c. of
New-York.

---

## Ross and others vs. The Mayor, Aldermen, &c. of New-York.

The corporation of New-York, by an ordinance passed the 5th May, 1828, ordained " that a bulk-head be built in and across the slip or basin at the foot of Spring-street, on the westerly line of West-street ; and that the space between the present bulk-head and the one to be built, be filled in under such directions as shall be given by the street commissioner and one of the city surveyors," and appointed assessors to make an estimate of the expense, and to make a just and equitable assessment thereof, among the owners or occupants of all the houses and lots intended to be benefitted thereby, in proportion as nearly as might be to the advantages which each should be deemed to acquire. An assessment was made, which was apportioned amongst the owners of lots on Spring-street, as far east as Clark-street, and amongst the owners of lots on the streets intersecting Spring-street, half way to the next street north and south of Spring-street, except that a certain tract of ground lying between Spring and Canal-streets and West and Washington-streets, was not subjected to assessments for any portion of the expense ; and it was alleged that a lot belonging to one George Watkins, lying upon West-street at the north corner of Spring-street, had not been subjected to an apportionment of such expense ; nor was any portion of such expense assessed upon Canal-street, although it heads partially upon the slip at the foot of Spring-street. The facts appeared in a return to a certiorari, made by the mayor, &c. of the city of New-York.

Under an ordinance of the corporation of New-York, directing the filling up, altering or amending a public slip, the assessment should be made under the 269th section of the act relative to that city; and property in the vicinity belonging to the corporation is equally liable to assessment as the property of individuals, notwithstanding that the statute directs that one third of the expense of the improvement shall be borne by the corporation.

*D. Lord, junior,* for relators. The principle upon which the assessment is made is erroneous. It is made on the assumption that the improvement was directed by the common council, in pursuance of the authority vested in them by the 267th section of the act relative to the city of New-York, (Statutes, vol. 2, p. 445,) which authorizes the common council to pass ordinances " for filling up, altering and amending of all public slips in the city." The authority conferred by this section is for the promotion of the public health of the city; and the expense of filling up, altering or amending a slip is to be borne, one third thereof by the common council, and the residue by the persons in the vicinity who may be benefitted thereby, (§ 269.) Admitting the work to be of the character authorized by the 267th section, the assessment ought to have extended to Canal-street, and not been confined to Spring-street; nor ought the tract between Spring and Canal streets (on which a public market is erected, belonging to the corporation,) to have been exempted. Indeed it should have borne the whole expense.

The work should be considered as done under the 220th section of the act which authorizes the common council to lay out regular streets or wharves, and from time to time to lengthen and extend the same. The ordinance virtually *extended West-street,* and the expense ought to have been borne solely by the proprietors of land adjoining or nearest and opposite to the street or wharf, in proportion to the breadth of their several lots, (§ 221.)

*R. Emmet,* for the corporation. The proceeding in this case was under the 267th and 269th sections of the act. The work was the " filling up, altering and amending a public slip." The primary object was the improvement of the slip, and though the extension of West-street was the result of the work, such extension was but a consequence, and not the object originally contemplated. The proceedings therefore should not have been under the 220th and 221st sections.

It is not pretended that *one third* of the expense had not been paid by the corporation, but it is said that in addition thereto they should have been assessed as the owners of the

property on which the market stands. This proposition is
denied. The charge of *one third* of the expense of filling up,
altering or amending a slip, is imposed as a fixed ratio to be
borne by the corporation, whether they hold property in the
vicinity or not. It is a commutation in lieu of all other
charges and assessments, and established to prevent disputes
as to the extent of their liability.

The common council have a right to make an alteration
in a slip, as well for the benefit of navigation as for the pro-
motion of the public health. If not done solely for the pro-
motion of the public health, it does not necessarily follow
that *all property equally near to the slip* should be assessed.
The property in Canal-steeet was exempted because it had
its *own burdens* to bear of a similar character, to defray which
the property in Spring-street contributed nothing.

*By the Court.* The assessment in this case was correctly
made under the 269th section of the act, (2 R. L. p. 445,)
but in the application of the principle the assessor erred.
By this section it is directed that in all cases where the by-
laws or ordinances (of the common council) shall require
any thing to be done in relation to the filling up, altering, or
amending any of the public slips in the city, the corporation
shall cause the expense of such works to be estimated and
assessed in the same manner as is directed by the act with
respect to the paving or regulating the public streets in the
city, except that one third of the expense attending the same
is to be borne by the corporation, and the residue by the
persons in the vicinity who may be benefitted thereby. The
manner of estimating and assessing the expense of paving
and regulating the public streets is to make " a just and equi-
table assessment thereof among the owners or occupants of all
the houses and lots intended to be benefitted thereby, in pro-
portion as nearly as may be to the advantage which each shall
be deemed to acquire." (§ 275.) The direction given to
the assessors by the ordinance of the corporation was in con-
formity to this provision of the statute, but the assessors did
not obey it when they omitted to assess a proportion of the
expense on the lot owned by the corporation, on which the

ALBANY,
October, 1829.

Ross
v.
Mayor, &c. of
New-York.

market is built. The property of the corporation, if benefitted by the improvement, is as much the subject of assessment as the property of individuals. The intention of the legislature is manifest, that the property in the vicinity shall contribute two thirds of the expense, and whether that property belongs to the corporation of the city, or any other body corporate, or to individuals, is immaterial. The charge of one third of the expense to the corporation in improvements of this kind is made by the statute, without reference to the owning of property by the corporation in the vicinity. It is a charge upon the funds of the city generally, in consequence of the general benefit derived from the improvement, and the profits accruing to the corporation from wharfage, &c. In this respect, therefore, the assessment is erroneous, and must be set aside. As to the lot lying upon West street, in the north corner of Spring street, returned as belonging to George Watkins, the relators have mistaken the fact. That lot *is assessed* as No. 10, fronting on West street, and therefore is properly omitted from the assessment, as fronting on Spring street; on that street it is designated in the map as No. 11, and no assessment appears in the return to have been made on it as No. 11, which probably misled the relators; but the lot having been assessed as No. 10, it would have been erroneous to have made a second assessment upon it.

END OF NON-ENUMERATED CASES OF OCTOBER TERM, 1829.*

* Mr. Justice SUTHERLAND was prevented by indisposition from attending court during the greater part of this term.