NEW-YORK GENERAL TERM, December, 1849.   *Jones, Edmonds, and Edwards,* Justices.

THE MAYOR &c. OF NEW-YORK *vs.* WHITNEY.

On the 13th of May, 1846, the common council of the city of New-York passed an ordinance directing that a bulk-head should be built across Pike slip, on the southerly line of South-street, and the vacant space behind filled with earth. At about the same time the common council passed an ordinance for the making and completion of that part of South-street which lies below Pike slip and Market slip, by building a bulk-head on the southerly line of said street.  *Held,* that the building of the bulk-head across Pike slip, and filling the vacant space behind, in pursuance of these ordinances, was to be deemed the filling up of a slip, under section 267 of the act of April 9, 1813;  (2 *R. L. of* 1813, *p.* 445;) and that the assessment for the expenses of such improvement was properly made under the 269th section of the same act; one third of the amount to be paid by the city, and two thirds by the persons in the vicinity, benefited thereby.  And this, notwithstanding the effect of the improvement was to continue South-street.

Although the acts of 1798 and 1813, giving to the city of New-York the right to lay out and complete a street or wharf of the width of 70 feet, in front of those parts of the city adjoining the East river, give no right, in express terms, to fill up a slip beyond the then existing boundary of the city, yet the city has a general right to fill up slips; and is not guilty of an illegal assumption of power, if the result of the exercise of such a right is the making of a street of the width authorized by statute.

THIS was an action of debt, brought to recover the amount of an assessment made upon the defendant's property for his portion of the expenses of building a bulk-head across Pike slip in the city of New-York.   Plea *nil debet.*   The cause was tried at the New-York circuit in May, 1846, before Edmonds, Cir. J. The jury brought in a special verdict, by which they "gave it as their opinion" that "the construction of the bulk-head in front of Pike slip was necessary and effectual in the regulation of South-street; and that the filling up of Pike slip between Water and South-street was a necessary consequence."

*H. E. Davies*, for the plaintiffs.

*J. J. Ring*, for the defendant.

*By the Court*, EDWARDS, J.    The plaintiffs in this suit brought their action for the recovery of the sum of $4810, being the amount assessed upon the defendant, as the owner of a lot of land in the neighborhood of Pike slip, for his proportionate share of the expenses of building a bulk-head in front of said slip, on the line of South-street.

On the 13th of May, 1846, the plaintiffs in common council convened passed an ordinance " That a bulk-head be built across Pike slip, on the southerly line of South-street and the vacant space behind filled with good and wholesome earth, under such directions as shall be given by the street commissioner and one of the city surveyors." They also appointed commissioners for the purpose of estimating the expense of carrying the ordinance into effect, and making the necessary assessments.

It appears from the case, that at about the same time the common council passed an ordinance for the making and completion of that part of South-street which lies below Pike slip and Market slip, by building a bulk-head on the southerly line of the said street; and it is admitted that the effect of building the bulk-head across Pike slip, and filling the vacant space behind, was to continue South-street.

Upon this state of facts, it is contended on the part of the plaintiffs, that the building of the bulk-head, and filling the space behind, was the filling up of a slip under section 267 of the act of April 9, 1813; (2 *R. L.* 1813, *p.* 445;) and that the assessment was properly made under section 269 of that act, and was legal. On the other hand, the defendant contends that the building of the bulk-head, and the filling up of the vacant space, was the making of a street, and that, being so, the assessment was illegal. In the former case, the law provides that one third of the expense shall be borne by the mayor, &c. of the city, and the residue by persons in the vicinity who may be benefited; and in the latter, it requires the expenses to be paid

and borne by the proprietors of the land nearest, and opposite to the street, according to the width of their several lots.

By the laws of 1813, the plaintiffs are authorized to fill up all public slips in the city, at such times, and in such manner, as they may deem proper. That this act gives them the right to fill up a slip, in such a way that it may become a public highway, or street, is not denied. On the contrary, if the slip is entirely filled up, the space so filled necessarily becomes a public highway; and it is because it does so, that adjoining proprietors are supposed to be benefited.

If, in this case, the bulk-head had been built on the northerly line of South-street, the space filled up would have been a street; and yet no one will deny that the act would have been the filling up of a slip. By building the bulk-head on the southerly line of South-street, and filling up the vacant space behind, the act is none the less the filling up of a slip.

It is undoubtedly true that one of the objects contemplated by the common council was the continuation of South-street. But the only means by which this end could be accomplished were by filling up the slip. The provisions of the law, in reference to making, and paying for streets, did not apply; for these provisions contemplated a case where there were adjoining proprietors, who had lands lying opposite to the intended street.

In the case of *Ross et al.* v. *The Mayor, &c. of New-York,* (3 *Wend.* 333,) the rule of assessment adopted was the same as in this case, and the court there said that the assessment was correctly made. It was contended, however, upon the argument, that that was not a question at issue before the court. It is true that it was not the only question. But a reference to the case will show that it could be raised upon the return to the certiorari. And it further shows that it was distinctly made a point by the counsel, and that the court could not with propriety have passed it over without deciding it.

It is said, however, that the bulk-head in this case was placed thirty feet beyond the boundaries of the city, as established by the Montgomery charter; and that the acts of 1798 and 1813, which gave to the city the right to lay out and complete a street

or wharf, of the width of 70 feet, in front of those parts of the city which adjoin the East river, give no right to fill up a slip beyond the then existing boundary.

It is true that they confer no such right in express terms. But the city has a general right to fill up slips, and, if the result of the exercise of such a right is the making of a street, of the width authorized by statute, it can not be said that the city has been guilty of an illegal assumption of power.

It is evident that the plaintiffs intended to act in pursuance of the provisions of the 267th and 269th sections of the act of 1813, and the case shows that they complied with those provisions. Under these circumstances, we are of opinion that their proceedings were legal and regular ; and that they are entitled to recover the amount assessed upon the property of the defendant.

The verdict found by the jury is so inconclusive that we have not considered it necessary to allude to it.

Judgment must be entered for the plaintiffs.

